UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKE J. RUFFINO, : | |
| Plaintiff, : | |
| : | PRISONER CASE NO. |
| v. : | 3:09-cv-1287 (VLB) |
| : | |
| SCOTT MURPHY, et al., : | |
| Defendants. : | December 16, 2009 |

### RULING AND ORDER

Pending are the defendants' motion to strike and the plaintiff's motion seeking a copy of the Court's September 3, 2009 Initial Review Order.

**I.   Request for Copy of Initial Review Order [Doc. #14]**

The plaintiff states that he did not receive a copy of the Court's September 3, 2009 Initial Review Order and asks that the Clerk send him a copy. The electronic receipt associated with Doc. #4 indicates that the Initial Review Order was mailed to the Plaintiff at Northern Correctional Institute, 287 Bilton Road, Somers, CT 06071, on September 3, 2009. Nevertheless, the Court directs the Clerk to send the plaintiff another copy of the Initial Review Order with this ruling.

**II.   Motion to Strike [Doc. #13]**

In the September 3, 2009 Initial Review Order, the Court dismissed all claims against defendants Murphy, Salafia, Kudish, Murray, Zaharek and Libben. The defendants argue that any allegations against these six former defendants are now immaterial and move to strike these allegations from the complaint. The plaintiff argues that the motion is not necessary as the dismissal of the claims

means that the Court will not consider these allegations.

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  Motions to strike "are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation."  Schramm v. Kirschell, 84 F.R.D. 294, 299 (D. Conn. 1979).  Allegations are immaterial if they have "no essential or important relationship to the claim for relief or the defenses being pleaded[.]"  Mahon v. Chicago Title Ins. Co., No. 3:09cv690(AWT), 2009 WL 4268372, at *1 (D. Conn. Nov. 24, 2009) (internal quotation marks and citation omitted); see also Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976).

Here, the Court has dismissed all claims against defendants Murphy, Salafia, Kudish, Murray, Zaharek and Libben.  Thus, any allegations against these former defendants have no relationship to the remaining claims for relief and are immaterial.  Therefore, the defendants' motion to strike is granted.  However, the Court will not require the pro se plaintiff to file an amended complaint because doing so would place a significant and unnecessary burden upon him.  In their memorandum in support of their motion to strike, the defendants have identified the specific paragraphs of the complaint that relate to dismissed claims and dismissed defendants.  These paragraphs are paragraphs 14-42, 93-96, and 100-101.  In addition, paragraphs 2 and 43 include allegations pertaining to claims which have been dismissed.  Therefore, the Court orders that paragraphs 14-42,

93-96, and 100-101, and those portions of paragraphs 2 and 43 that relate to dismissed claims, are hereby stricken from the complaint and are not to be considered by any party going forward.

### III.  Conclusion

The plaintiff's Motion for Order to Direct Court Clerk to Serve Plaintiff with Initial Review Order [Doc. #14] is GRANTED.  The Clerk is directed to send the plaintiff a copy of the September 3, 2009 Initial Review Order [Doc. #4].

The defendants' Motion to Strike [Doc. #13] is GRANTED.  The Court orders that paragraphs 14-42, 93-96, and 100-101, and those portions of paragraphs 2 and 43 that relate to dismissed claims, are hereby stricken from the complaint and are not to be considered by any party going forward.  Because it is clear to all parties which paragraphs of the complaint relate to dismissed claims and dismissed defendants, the plaintiff will not be required to file an amended complaint deleting these paragraphs.

IT IS SO ORDERED.

_____/s/_____
**Vanessa L. Bryant**
**United States District Judge**

Dated at Hartford, Connecticut:  December 16, 2009.