UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKE J. RUFFINO, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | PRISONER |
| | : | CASE NO. 3:09-cv-1287 (VLB) |
| SCOTT MURPHY, et al., | : | |
|     Defendants. | : | April 12, 2010 |

### MEMORANDUM OF DECISION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [Doc. #19] AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [Doc. #21]

The plaintiff, Jake J. Ruffino ("Ruffino"), commenced this action pro se while incarcerated. He named as defendants State's Attorney Scott Murphy, Assistant State's Attorneys Brett Salafia, Connecticut State Police Troopers Michael Kudish and Murray, Deputy Director of the Judicial Marshal Services Richard Zaharek, Deputy Director of Legal Services for the State of Connecticut Court Operations Division Martin Libben, Supervisory Judicial Marshals Janice Ayotte and Dominic Swicszkwski, and Judicial Marshals Robert Cherry, Frank James, Tavana, Vincent Carey, Eugene Cahill and William Kurpiewski. Ruffino alleges that the defendants violated his rights under 42 U.S.C. §§ 1983, 1985 and 1986. On September 3, 2009, the Court dismissed all claims against defendants Murphy, Salafia, Kudish, Murray, Zaharek and Libben. See Doc. #4.

Ruffino alleges that the remaining defendants verbally harassed and used excessive force against him, subjected him to unconstitutional conditions of confinement and conspired to violate his constitutional rights. The remaining

defendants now move to dismiss the claims against them for verbal abuse and conspiracy.  For the reasons that follow, the motion to dismiss is GRANTED IN PART and DENIED IN PART.  Ruffino's motion for default judgment against defendants Cahill and Carey is DENIED.  Defendant Cahill appeared on January 19, 2010, and defendant Carey has not yet been served with process.

### I. DEFENDANTS' MOTION TO DISMISS

#### A. STANDARD OF REVIEW

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  While Rule 8 does not require detailed factual allegations, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id. (internal citations

**2**

omitted).  In evaluating this plausibility standard, the Court liberally construes pro se complaints.  See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

## B.  FACTS

Ruffino alleges that, at all times relevant to this action, he was a pretrial detainee being held by the Connecticut Department of Correction on charges unrelated to this action.  While incarcerated, Ruffino was accused by another inmate of writing a threatening letter and signing the other inmate's name.  Ruffino was prosecuted for writing the letter.

On twelve days between May 4, 2006, and November 1, 2007, Ruffino was transported to the Connecticut Superior Court for Geographic Area #15, in New Britain, Connecticut for court appearances.  Defendants Cherry, James, Kurpiewski, Cahill, Carey and Tavana are state judicial marshals who were assigned to the New Britain courthouse during this period.  Defendants Ayotte and Swicszkwski were the supervisory state judicial marshals at the New Britain courthouse.

Ruffino alleges that the defendants assaulted him, exposed him to chemical agents, verbally and sexually harassed him, confined him in cells with no running water, denied him toilet paper, isolated him from other inmates, and, on one occasion, removed his legal papers for one hour.  Specifically, Ruffino alleges that the following incidents occurred on each date.

On May 4, 2006, defendants Cherry and James threatened to harm Ruffino.  Defendant Cherry asked defendant Ayotte to open the cell door and physically

3

assaulted Ruffino.  When Ruffino defended himself, defendant Cherry forced him to the floor and defendant Cahill sprayed Ruffino with a chemical agent.  Defendant Kurpiewski then handcuffed Ruffino.  After Ruffino was secured, defendant James choked him.  Defendants Kurpiewski and Ayotte watched the assault and did not intercede on Ruffino's behalf.

On July 7, 2006, Ruffino was confined in a cell with no running water and a toilet that did not flush.  He also was denied toilet paper.  Defendant Carey verbally harassed Ruffino by making insulting and sexually-related comments throughout the day.  Defendant Ayotte informed the court that Ruffino was misbehaving.  As a result, Ruffino was denied access to the courtroom.

On August 21, 2006, defendant Ayotte ordered Ruffino held alone in a small cell on the second floor.  Defendant Swicszkwski verbally threatened him.  On September 11, 2006, Ruffino was held in the same small cell and denied toilet paper.

On October 12, 2006, Ruffino was held in the small cell for the third time, again without toilet paper.  When Ruffino began banging on the cell door to request toilet paper, defendant Swicszkwski assaulted Ruffino and ordered a correctional officer to spray Ruffino with a chemical agent.  Following this incident, defendant Ayotte had Ruffino held in a closed cell where he was unable to decontaminate himself by washing his face or showering.  Thirty minutes later, Ruffino was transported back to the correctional facility.

On January 24, 2007, and March 1, 2007, defendant Carey verbally harassed

Ruffino when he was brought to court. Defendant Carey made many offensive and sexually related comments to Ruffino throughout each day.

On June 13, 2007, defendants Carey and Kurpiewski verbally harassed Ruffino. Defendant Carey confiscated Ruffino's legal paperwork and did not return it for one hour. Defendant Carey's remarks led Ruffino to believe that defendant Carey had brought the legal papers to the State's Attorney's Office where they were reviewed and copied. In the presence of defendants Carey and Ayotte, defendant Kurpiewski asked several others to assault Ruffino. All refused.

On July 20, 2007, defendant Kurpiewski verbally harassed Ruffino. On August 16, 2007, and September 20, 2007, defendant Ayotte ordered Ruffino confined in a cell with no running water. Also, defendant Tavana verbally harassed Ruffino on August 16, 2007. Finally, on November 1, 2007, defendant Kurpiewski verbally harassed Ruffino and banged on the door of Ruffino's cell.

### C. DISCUSSION

The remaining defendants move to dismiss the claims for conspiracy and verbal assault on the ground that Ruffino fails to state a cognizable claim.

#### 1. Conspiracy

In Count Five of the complaint, Ruffino states that he brings his conspiracy claim pursuant to 42 U.S.C. §§ 1985 and 1986. See Compl., Doc. #1, at 44. The first two subsections of 42 U.S.C. § 1985 are clearly irrelevant to this action. Section 1985(1) prohibits conspiracies to prevent federal officials from

5

performing their duties and section 1985(2) prohibits conspiracies intending to deter witnesses from participating in state or federal judicial proceedings. Ruffino is not a federal official and his claims are not related to the participation of witnesses in judicial proceedings.

Generally, section 1985(3) prohibits conspiracies to deprive persons of equal protection of the laws.  In order to state a claim pursuant to this provision, Ruffino must allege:  first, the defendants were part of a conspiracy; second, the purpose of the conspiracy was to deprive a person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; third, an overt act taken in furtherance of the conspiracy; and fourth, an injury to his person or property, or a deprivation of a right or privilege.  See Iqbal v. Hasty, 490 F.3d 143, 176 (2d Cir. 2007).  Importantly, Ruffino must show that the alleged conspiracy was motivated by a racial or otherwise class-based invidious discriminatory animus.  Id.  Section 1985(3) may not be construed as a "general federal tort law;" it does not provide a cause of action based on the denial of due process or other constitutional rights.  Griffin v. Breckenridge, 403 U.S. 88, 101-02 (1971).

Ruffino has not alleged any facts suggesting that any of the defendants' alleged actions were taken because of his race or membership in any protected class.  In fact, the complaint contains no information regarding Ruffino's race or class membership.  The mere fact that Ruffino may be a member of a protected class is insufficient to support an inference of discriminatory motivation in a

section 1985 claim.  See Gatling v. Atlantic Richfield Co., 577 F.2d 185, 188 (2d Cir.), cert. denied, 439 U.S. 861 (1978).  Accordingly, the remaining defendants' motion to dismiss is granted as to any conspiracy claim asserted by Ruffino.

Section 1986 provides no substantive rights; instead, it provides a remedy for the violation of section 1985.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 222 n.28 (1970) (Brennan, J., concurring in part and dissenting in part).  Thus, a prerequisite for an actionable claim under section 1986 is a viable claim under section 1985.  Because the Court has dismissed Ruffino's section 1985 claim, the remaining defendants' motion to dismiss is granted as to the section 1986 claim as well.

### 2.  Verbal Harassment

Claims asserted by pretrial detainees are reviewed under the Due Process Clause of the Fourteenth Amendment.  See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979).  Pretrial detainees have a substantive due process right not to be housed under conditions of confinement that constitute punishment.  See id. at 535-37.  Not every restriction imposed during pretrial detention, however, constitutes punishment in the constitutional sense.

Other district courts within the Second Circuit have held that allegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable under section 1983, regardless of whether the inmate is a pretrial detainee or sentenced prisoner.  See Jean-Laurent v. Wilkerson, 438 F. Supp. 2d 318, 324-25 (S.D.N.Y. 2006) (pretrial detainee's claim of verbal abuse not cognizable under

7

section 1983 because verbal intimidation did not rise to the level of a constitutional violation); Ramirez v. Holmes, 921 F. Supp. 204, 210 (S.D.N.Y. 1996) (threats and verbal harassment without physical injury or damage not cognizable in claim filed by sentenced inmate under section 1983).  In this case, however, Ruffino specifically alleges that the defendants' verbal harassment resulted in mental stress, worry, discomfort and emotional harm, and caused him to fear going to court.  These allegations of injury resulting from the purported verbal harassment are sufficient to support a claim that Ruffino was harassed by the defendants as a form of punishment, in violation of the Fourteenth Amendment.  See, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (holding that verbal harassment that denied inmate peace of mind did not constitute cognizable claim but acknowledging that verbal harassment intended to cause and causing psychological damage would be cognizable); Proverb v. O'Mara, Civil No. 08-cv-431-PB, 2009 WL 368617, at *13 (D.N.H. Feb. 13, 2009) (holding that pretrial detainee's allegations of verbal harassment for purpose of making him afraid and causing his quality of life to be unpleasant were sufficient to support a Fourteenth Amendment claim).  In response to a motion to dismiss, Ruffino is not required to present evidence documenting his alleged psychological injuries.  Therefore, the remaining defendants' motion to dismiss is denied as to Ruffino's claims for verbal harassment.

## II.   RUFFINO'S MOTION FOR DEFAULT JUDGMENT

Ruffino asks the Court to enter default judgment against defendants Cahill

and Carey for failure to appear and plead.  Fed. R. Civ. P. 55 sets forth a two-step process for obtaining a default judgment.  First, the party seeking default judgment must obtain an entry of default under Rule 55(a).  Then the party may move for default judgment under Rule 55(b).  See New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005).

Because Ruffino has not obtained entry of default against defendants Cahill and Carey, his motion for default judgment is denied as premature.  The Court will construe Ruffino's motion as seeking entry of default.  Defendant Cahill appeared on January 19, 2010, and the Court has considered the motion to dismiss as filed on his behalf.  Thus, defendant Cahill is not in default.

Defendant Carey has not appeared.  On November 13, 2009, counsel for the defendants was granted an extension of time, until December 31, 2009, to locate and appear for all non-appearing defendants and respond to the complaint.  Counsel has neither appeared for defendant Carey nor sought additional time within which to do so.  There is no indication in the record that service was effected on defendant Carey.  As defendant Carey has not been served, the request for entry of default is denied.  Counsel is directed to file an appearance for defendant Carey or file his current home address under seal to enable the U.S. Marshal to effect service.  Counsel shall file her response within fourteen days from the date of this order.

### III.  CONCLUSION

The defendants' Motion to Dismiss [Doc. #19] is GRANTED IN PART and

DENIED IN PART.  Ruffino's conspiracy claims are dismissed.  The case will proceed on the verbal harassment, conditions of confinement and excessive force claims.

Ruffino's motion for default judgment [Doc. #21] is DENIED.  Within fourteen days from the date of this order, counsel for the defendants is directed to file an appearance for defendant Carey or file his current home address under seal to enable the U.S. Marshal to effect service.

                         IT IS SO ORDERED.

                         _____/s/_____
                         Vanessa L. Bryant
                         United States District Judge

Dated at Hartford, Connecticut:  April 12, 2010.