UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKE RUFFINO, | : | |
|     Plaintiff, | : | |
| | : | PRISONER |
| v. | : | CASE NO. 3:09-cv-1287 (VLB) |
| | : | |
| SCOTT MURPHY, et al., | : | |
|     Defendants. | : | May 20, 2010 |

**RULING ON DEFENDANTS' MOTION FOR RECONSIDERATION [Doc. #33]**

The defendants seek reconsideration of the Court's denial of their motion to dismiss. For the reasons that follow, the defendants' motion is granted but the relief requested is denied.

Reconsideration will be granted only if the moving party can identify controlling decisions or data that the Court overlooked and that would reasonably be expected to alter the Court's decision. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used to relitigate an issue the Court has already decided. See SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), aff'd in part and vacated in part on other grounds, 505 F.3d 183 (2d Cir. 2007). A party cannot seek reconsideration to "plug gaps in an original argument or to argue in the alternative once a decision has been made." Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal quotation marks and citations omitted).

The Court denied the defendants' motion to dismiss the claims of verbal

harassment on the ground that the plaintiff had alleged sufficient facts to support a claim that, while confined as a pretrial detainee, he was harassed as a form of punishment in violation of the Fourteenth Amendment.  See Doc. #30 at 7-8.  The defendants contend that the Court overlooked the Second Circuit's holding in Thompson v. Carter, 284 F.3d 411 (2d Cir. 2002), and the prohibition against an inmate recovering for mental or emotional injury without a prior showing of physical injury set forth in 42 U.S.C. § 1997e(e).

In Thompson, the Second Circuit held that Section 1997e(e) "applies to claims in which a plaintiff alleges constitutional violations so that the plaintiff cannot recover damages for mental or emotional injury for a constitutional violation in the absence of a showing of actual physical injury."  284 F.3d at 417.  Here, the plaintiff alleges in his Complaint instances in which he was verbally harassed *and* physically assaulted by the Defendants, thereby suffering physical injury.  See, e.g., Doc. #1, ¶¶ 46-51 (alleging that defendants James and Cherry verbally threatened the plaintiff, defendant Cherry physically attacked the plaintiff, defendant Cahill unnecessarily sprayed the plaintiff with chemical agents, and defendant James choked the plaintiff while he was fully secured on the floor in shackles and handcuffs); Id.  ¶¶ 65-69 (alleging that defendant Swicszkwski slammed the plaintiff into a wall, slammed his forearm into the back of the plaintiff's neck and pinned him against the wall, and directed another officer to spray him with chemical agents, and that defendant Ayotte then ordered the plaintiff to be locked into a closed cell in full restraints so that he was unable

to wash his eyes out).  Because the Complaint plausibly alleges actual physical injury along with emotional harm, Section 1997(e) does not bar the plaintiff's claim.

Moreover, in <u>Thompson</u>, the Second Circuit agreed with the majority position holding that Section 1997e(e) does not preclude a prisoner from obtaining injunctive or declaratory relief, nor does it preclude recovery for nominal or punitive damages.  284 F.3d at 417-18.  In his Complaint, the plaintiff seeks declaratory relief in addition to both compensatory and punitive damages.  Doc. #1 at 46-47.  Because the plaintiff may obtain declaratory relief and may also recover punitive damages on his verbal harassment claim, the Court did not err in refusing to dismiss this claim.

Accordingly, the defendants' motion for reconsideration [Doc. #33] is GRANTED but the relief requested is DENIED.

> IT IS SO ORDERED.
>
> _____/s/_____
> Vanessa L. Bryant
> United States District Judge

Dated at Hartford, Connecticut:  May 20, 2010.